UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN AGRAMONTE, on behalf of himself and all     Case No.:
other similarly situated employees,     14-CV-3074 (PAE)

                                  Plaintiff,

                   -against-                                **ANSWER TO CLASS AND
                                                                                     COLLECTIVE ACTION
RICHARD SHRAGER and RICH FOODS 37, LLC,           COMPLAINT**

                                  Defendants.
------------------------------------------------------------------X

Defendants RICHARD SHRAGER and RICH FOODS 37, LLC, by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their Answer to Plaintiff's Class and Collective Action Complaint (hereinafter the "Complaint") set forth the following:

## AS TO THE NATURE OF THE ACTION

1.    Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.    Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.    Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.    Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.    Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.    Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.    Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.    Defendants neither admit nor deny the allegations set forth in Paragraph 9 of the Complaint as they are not allegations of fact, but claims for relief.

10.    Defendants neither admit nor deny the allegations set forth in Paragraph 10 of the Complaint as they are not allegations of fact, but claims for relief.

## AS TO JURISDICTION AND VENUE

11. Defendants neither admit nor deny the allegations set forth in Paragraph 11 of the Complaint as they are not allegations of fact, but conclusions of law.

12. Defendants neither admit nor deny the allegations set forth in Paragraph 12 of the Complaint as they are not allegations of fact, but conclusions of law.

13. Defendants neither admit nor deny the allegations set forth in Paragraph 13 of the Complaint as they are not allegations of fact, but conclusions of law.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants neither admit nor deny the allegations set forth in Paragraph 15 of the Complaint as they are not allegations of fact, but conclusions of law.

16. Defendants neither admit nor deny the allegations set forth in Paragraph 16 of the Complaint as they are not allegations of fact, but conclusions of law.

17. Defendants neither admit nor deny the allegations set forth in Paragraph 17 of the Complaint as they are not allegations of fact, but conclusions of law.

18. Defendants neither admit nor deny the allegations set forth in Paragraph 18 of the Complaint as they are not allegations of fact, but conclusions of law.

## AS TO THE PARTIES

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

## AS TO FACTS SPECIFIC TO PLAINTIFF JONATHAN AGRAMONTE

24. Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants neither admit nor deny the allegations set forth in Paragraph 26 of the Complaint as they are not allegations of fact, but conclusions of law.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

## AS TO THE CLASS AND COLLECTIVE ALLEGATIONS

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants neither admit nor deny the allegations set forth in Paragraph 70 of the Complaint as they are not allegations of fact, but conclusions of law.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants neither admit nor deny the allegations set forth in Paragraph 74 of the Complaint as they are not allegations of fact, but conclusions of law.

75. Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81. Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82. Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83. Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

### As To Illegal Deductions – "Tolls (sic) of the Trade" (Uniforms)

85. Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint.

88. Defendants neither admit nor deny the allegations set forth in Paragraph 88 of the Complaint as they are not allegations of fact, but conclusions of law.

89. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint.

90. Defendants neither admit nor deny the allegations set forth in Paragraph 90 of the Complaint as they are not allegations of fact, but conclusions of law.

91. Defendants neither admit nor deny the allegations set forth in Paragraph 91 of the Complaint as they are not allegations of fact, but conclusions of law.

92. Defendants neither admit nor deny the allegations set forth in Paragraph 92 of the Complaint as they are not allegations of fact, but conclusions of law.

93. Defendants neither admit nor deny the allegations set forth in Paragraph 93 of the Complaint as they are not allegations of fact, but conclusions of law.

94. Defendants neither admit nor deny the allegations set forth in Paragraph 94 of the Complaint as they are not allegations of fact, but conclusions of law.

95. Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

### As To Illegal Deductions – "Tools of the Trade" (Bicycles)

96. Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97. Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint.

99.   Defendants neither admit nor deny the allegations set forth in Paragraph 99 of the Complaint as they are not allegations of fact, but conclusions of law.

100.   Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

**As To No Spread-of-Hours Pay**

101.   Defendants neither admit nor deny the allegations set forth in Paragraph 101 of the Complaint as they are not allegations of fact, but conclusions of law.

102.   Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103.   Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.   Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

**As To Defendants Do Not Provide Statutorily-Required Breaks**

105.   Defendants neither admit nor deny the allegations set forth in Paragraph 105 of the Complaint as they are not allegations of fact, but conclusions of law.

106.   Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.   Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108.   Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

**AS TO THE FIRST CAUSE OF ACTION**

109.   In response to Paragraph 109 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 108 of this Answer as though fully set forth herein.

110.   Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112. Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113. Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114. Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION

115. In response to Paragraph 115 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 114 of this Answer as though fully set forth herein.

116. Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117. Defendants neither admit nor deny the allegations set forth in Paragraph 117 of the Complaint as they are not allegations of fact, but conclusions of law.

118. Defendants neither admit nor deny the allegations set forth in Paragraph 118 of the Complaint as they are not allegations of fact, but conclusions of law.

119. Defendants neither admit nor deny the allegations set forth in Paragraph 119 of the Complaint as they are not allegations of fact, but conclusions of law.

120. Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121. Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122. Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123. Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124. Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION

125. In response to Paragraph 125 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 124 of this Answer as though fully set forth herein.

126. Defendants neither admit nor deny the allegations set forth in Paragraph 126 of the Complaint as they are not allegations of fact, but conclusions of law.

127. Defendants neither admit nor deny the allegations set forth in Paragraph 127 of the Complaint as they are not allegations of fact, but conclusions of law.

128. Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129. Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130. Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131. Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

132. In response to Paragraph 132 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 131 of this Answer as though fully set forth herein.

133. Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

134. Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

135. In response to Paragraph 135 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 134 of this Answer as though fully set forth herein.

136. Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137. Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

138. In response to Paragraph 138 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 137 of this Answer as though fully set forth herein.

139. Defendants deny the allegations set forth in Paragraph 139 of the Complaint.

140. Defendants deny the allegations set forth in Paragraph 140 of the Complaint.

141. Defendants deny the allegations set forth in Paragraph 141 of the Complaint.

142. Defendants deny the allegations set forth in Paragraph 142 of the Complaint.

143. Defendants deny the allegations set forth in Paragraph 143 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

144. In response to Paragraph 144 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 143 of this Answer as though fully set forth herein.

145. Defendants neither admit nor deny the allegations set forth in Paragraph 145 of the Complaint as they are not allegations of fact, but conclusions of law.

146. Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

147. Defendants deny the allegations set forth in Paragraph 147 of the Complaint.

148. Defendants deny the allegations set forth in Paragraph 148 of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION

149. In response to Paragraph 149 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 148 of this Answer as though fully set forth herein.

150.  Defendants neither admit nor deny the allegations set forth in Paragraph 150 of the Complaint as they are not allegations of fact, but conclusions of law.

151.  Defendants deny the allegations set forth in Paragraph 151 of the Complaint.

152.  Defendants deny the allegations set forth in Paragraph 152 of the Complaint.

153.  Defendants deny the allegations set forth in Paragraph 153 of the Complaint.

## AS TO THE NINTH CAUSE OF ACTION

154.  In response to Paragraph 154 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 153 of this Answer as though fully set forth herein.

155.  Defendants neither admit nor deny the allegations set forth in Paragraph 155 of the Complaint as they are not allegations of fact, but conclusions of law.

156.  Defendants deny the allegations set forth in Paragraph 156 of the Complaint.

157.  Defendants deny the allegations set forth in Paragraph 157 of the Complaint.

## AS TO THE TENTH CAUSE OF ACTION

158.  In response to Paragraph 158 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 157 of this Answer as though fully set forth herein.

159.  Defendants neither admit nor deny the allegations set forth in Paragraph 159 of the Complaint as they are not allegations of fact, but conclusions of law.

160.  Defendants deny the allegations set forth in Paragraph 160 of the Complaint.

161.  Defendants deny the allegations set forth in Paragraph 161 of the Complaint.

## AS TO THE ELEVENTH CAUSE OF ACTION

162. In response to Paragraph 162 of the Complaint, Defendants repeat and reallege each and every answer contained in Paragraphs 1 through 161 of this Answer as though fully set forth herein.

163. Defendants neither admit nor deny the allegations set forth in Paragraph 163 of the Complaint as they are not allegations of fact, but conclusions of law.

164. Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165. Defendants deny the allegations set forth in Paragraph 165 of the Complaint.

## AS TO THE JURY DEMAND

166. Defendants deny that Plaintiff is entitled to a jury trial to the extent that any claims stated herein are not otherwise triable to a jury.

## FIRST AFFIRMATIVE DEFENSE

167. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

168. To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C § 255 (a), or any similar state labor law, such claims of Plaintiff are barred. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRD AFFIRMATIVE DEFENSE

169. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten

administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### FOURTH AFFIRMATIVE DEFENSE

170.  To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### FIFTH AFFIRMATIVE DEFENSE

171.  Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### SIXTH AFFIRMATIVE DEFENSE

172.  Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiff for liquidated damages.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### SEVENTH AFFIRMATIVE DEFENSE

173.   Plaintiff does not satisfy any of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and, thus, this action cannot be maintained as a class action.

### EIGHTH AFFIRMATIVE DEFENSE

174.   There being no appropriate class representative, Plaintiff's collective and class action allegations must be stricken, and their collective and class action claims dismissed.

### NINTH AFFIRMATIVE DEFENSE

175.   This case may not be maintained as a collective action because Plaintiff is not similarly situated to or otherwise an adequate representative for the persons whom he purports to represent and, thus, he cannot satisfy the requirements under 29 U.S.C. § 216.

### TENTH AFFIRMATIVE DEFENSE

176.   There are no employees of Defendants who are similarly situated to Plaintiff as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

### ELEVENTH AFFIRMATIVE DEFENSE

177.   Plaintiff was not an "employee" of Defendants as defined by the FLSA and/or NYLL.

### TWELFTH AFFIRMATIVE DEFENSE

178.   Defendants were not an "employer" of Plaintiff as defined by the FLSA and/or NYLL.

### THIRTEENTH AFFIRMATIVE DEFENSE

179.   Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

180. To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, and/or laches. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

181. Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in Plaintiff's Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

182. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to their principal activities or incidental to them. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

183. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

184. Plaintiff's NYLL claims cannot, lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's

Complaint, or any other Wage Order. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### NINETEENTH AFFIRMATIVE DEFENSE

185. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### TWENTIETH AFFIRMATIVE DEFENSE

186. This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiff's NYLL claim.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

187. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

188. Assuming *arguendo*, Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

189. Assuming *arguendo*, Plaintiff is entitled to recover additional compensation for himself personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff and/or the purported class are appropriately limited thereby.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

190. Defendants have not willfully failed to pay Plaintiff any wages and/or monies claims due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

191. Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

192. Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of the stated claims. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

193. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiff beyond pure speculation, the failure to allege facts showing that Plaintiff has no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

194. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, such claims of

Plaintiff are barred. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

195.   To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### THIRTIETH AFFIRMATIVE DEFENSE

196.   To the extent Plaintiff's NYLL claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiff is barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

197.   To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

198.   The individual Defendant named in this action was not Plaintiff's employer within the meaning of the FLSA or NYLL.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

199.   Defendants have never represented to its customers that any service charge was a gratuity.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

200.   Defendants charged sales tax in accordance with all applicable provisions of Federal and New York tax law on any service charge.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

201.   Defendants included service charges as part of its gross receipts, and service charges were calculated as income for income tax purposes.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

202.   Defendants comply with New York Labor Law § 652, all relevant wage orders and regulations, and pay all its employees at or above the applicable minimum wage.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

203.   Plaintiff was not entitled to any notice from Defendants pursuant to New York Labor Law §195 because Plaintiff commenced and concluded his employment with Defendants, prior to the enactment of any such requirements, and even if Plaintiff was not provided notice required by that section, Plaintiff's claims are barred because Defendants made complete and timely payment of all wages due to Plaintiff under the New York Labor Law.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

204.     Plaintiff's claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiff did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENESES

205.     Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.  Defendants assert the foregoing affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
       June 27, 2014

KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
    Jeffery A. Meyer
    Yale Pollack
    *Attorneys for Defendants*
    135 Crossways Park Drive, Suite 201
    Woodbury, New York 11797
    (516) 681-1100

ND: 4834-5612-1371, v. 1