**GARBARINI FITZGERALD** P.C.
420 Lexington Avenue
Suite 2743
New York, New York 10170
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

July 7, 2014

**VIA ECF**

Hon. Paul A Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Agramonte, individually and on behalf of all similarly situated employees v. Shrager, et al.,* 14-cv-03074 (PAE).
            <u>Joint Letter</u>

Your Honor:

      All parties of record submit this Joint Letter and attached Proposed Joint Civil Case Management Plan and Scheduling Order pursuant to Your Honor's Order dated June 27, 2014 (Dkt. No. 11) and Individual Rule of Practice 2(B) in anticipation of the parties' initial pretrial conference scheduled for July 10, 2014.

**1. Brief description of the case, including the factual and legal bases for the claims and defenses**

      *Plaintiffs' Description of Claims*

      Plaintiff Jonathan Agramonte, individually and on behalf of all other similarly situated employees, brings this action against Defendants Richard Shrager, Papa Express Inc., Rich Foods 37, LLC, and Papa Fresh, Inc., for all service charges, unpaid minimum and over-time wages pursuant to the Fair Labor Standard Act and New York Labor Law Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), spread-of-hours and "off-clock" compensation, reimbursement for tools-of-the-trade expenses and illegally retained gratuities pursuant to the NYLL.

      Defendant Rich Foods 37, LLC is quick service restaurant that is branded as both a "Papa Johns" and "Subway Sandwich Shop" owned by Defendant Richard Shrager. Plaintiff Agramonte was employed by Defendants as a delivery worker. During his employment, Plaintiff Agramonte was paid less than minimum wage, and was not paid overtime for all hours worked in excess of forty per week. Defendants also concocted a scheme, under the direction of Defendant Shrager, whereby

all delivery workers, including Plaintiff Agramonte, worked the majority of their shift on non-tipped duties like answering the phones, making pizza and cleaning. The delivery workers were also required to purchase their own bicycles, helmets and reflectors and uniforms. As Part of the scheme to exploit the delivery workers, the Defendants illegally retained a $1.50 gratuity for each and every delivery. The Defendants called this charge a "service fee" but did not inform their customers of this fact.

### *Defendants' Description of Claims*

Defendants deny each and every allegation set forth in the Complaint with regard to any wage payment impropriety. Defendants assert that the Plaintiff was paid properly for all worked, including all overtime and that he is not owed any wages or tips as alleged.

**2. Any contemplated motions**

Plaintiff proposes to move as soon as the Court will allow:

    1 - for conditional certification of this matter under the FLSA;

    2 - FLSA notice of this lawsuit be sent to all covered employees; and,

    3 – summary judgment at the end of discovery.

**3. Prospect for settlement**

The parties discussed settlement at the meet-and-confer held on July 8, 2014, and will continue to discuss an early resolution to this matter.

                                                                       **GARBARINI FITZGERALD P.C.**

                                            By: _____
                                                      Richard M. Garbarini

cc:      Jonathan Meyer (jmeyer@kdvlaw.com)
           Yale Pollack to (ypollack@kdvlaw.com)

           *Attorneys for Defendants*