**GARBARINI FITZGERALD P.C.**
420 Lexington Avenue
Suite 2743
New York, New York 10170
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

July 18, 2014

**VIA ECF**

Honorable Paul A. Englemeter
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re.:   *Agramonte v. Shrager et al.,* 14-cv-3074 (PAE)(HBP)
              Opposition to Defendants' Request to Enlarge the Time to File a Joint Stipulation.

Your Honor:

      I represent the Plaintiff in the above matter and submit this correspondence in opposition to Defendants' request (Dkt. No. 14) stylized as a request for an extension of time to file a Notice of Dismissal. In light of the fact that the parties may submit a Stipulation of Dismissal pursuant to Rule 41(a)(1)(A)(ii) at anytime, Defendants' request is actually a means to delay this Court from scheduling a further initial conference and entering the Case Management Order. Plaintiff respectfully requests the Court schedule an initial pretrial conference for the following week pursuant to Your Honor's Order dated July 10, 2014. (Dkt. No. 14.) Alternatively, Plaintiff requests this Honorable Court sign and enter the Proposed Case Management Order jointly submitted by the parties on July 7, 2014. (Dkt. No. 12.)

**<u>No Wage-and-Hour Records or Counter-Offer.</u>**

      On the evening of July 9, 2014, prior to the initial court conference scheduled pursuant to Rule 16(d), counsel for the parties had a discussion in which a certain representation was made by counsel for the Defendants regarding the hours worked by Plaintiff. The wage-and-hour records supporting Defendants' claim were to be produced at the July 10 conference; they were not. Unable to speak to the Plaintiff before the conference, the undersigned counsel relied solely on Defendants' representation.[1] It is now July 19, 2014, and the undersigned counsel has yet to receive either the promised wage-and-hour records or a bona-fide response to Plaintiff's offer to settle this matter. On July 18, 2014 a discussion was had between counsel where the possibility of a vague counter-offer was mentioned, but no actual counter-offer was made. There have been no other discussions regarding settlement, and it is unlikely this matter will be settled at this time. Simply, this matter was filed on May 5, 2014, nearly two and one half months ago. Defendants' have had ample time to press what amounts to three key-strokes to print out Plaintiff's records from the Papa John's electronic system.

---

[1] Counsel wants to make clear, there is absolutely no allegation any misrepresentation has been made by any of the counsel for Defendants.

**Need For a Case Management Order.**

The Case Management Order is vital to Plaintiff's ability to prosecute this matter. For example, after multiple conversations between Plaintiff and counsel, it is apparent certain claims interposed on behalf of Plaintiff will have to be amended and some withdrawn. To this end, counsel has prepared a First Amended Complaint which is ready to be filed. The time to amend the initial pleading pursuant to Rule 15(a)(B), however, has expired, and an amended pleading cannot be entered unless this Court signs the Proposed Case Management Order. Further, Plaintiff's Motion for Conditional Certification is also ready to be filed and is based on the yet to be filed amended pleading. The discovery requests served today by mail on Defendants will necessarily be impacted by this Court's resolution of the Motion for Conditional Certification. Should this Court elect to sign the Proposed Case Management Order, Plaintiff will immediately file the amended pleading and Motion for Conditional Certification.

**Importance of This Case.**

Defendants paid their delivery workers $5.00 per hour, or $.65 per hour below the prevailing minimum wage for tipped employees in New York. This is not conjecture, it is a fact. Defendants, as a matter of policy dictated by Shrager, also required all delivery workers to spend far more than 20% of each day on non-tipped duties. If you were not on deliveries – grab a broom, make a pizza box, answer phones, or clean. Under the FLSA and New York Labor Law, Defendants are not entitled to the tip-credit at-all. Defendants also failed to pay their delivery workers for bike repairs, bikes, safety equipment like helmets and deprived them of the $1.50 delivery charge they unlawfully retained per delivery. This may not seem like it adds up to a lot of money to the Defendants, but it is a lifeline to this group of people.

While Defendant Shrager repeatedly claimed at the July 10 conference "that this matter is frivolous," paying employees their lawful minimum wages, particularly the lowest level of employees, most of whom live below the poverty level, is anything but frivolous. In fact, Defendant Shrager stood up in Court and explained his fear that there may be more Plaintiffs who will demand they be paid their lawful wage. He is absolutely correct; there are dozens, perhaps hundreds, of Putative Plaintiffs who have been deprived of their lawful wages by Defendants. Paying employees their lawful minimum wages, however, should not be a fear -- it is a duty under the law.

Defendant Shrager also attacked the Plaintiff and counsel. The Plaintiff is one of those individuals who lives below the poverty level, struggling to survive. Plaintiff worked for about a month for Defendants, but that is absolutely typical of the turn-over rate in legally working delivery workers. These are employees drawn from the poorest segment of our community. They are often undocumented workers terrified of joining a case because it will draw attention to them, or individuals that do not possess the life-skills we take for granted. Conditional Certification is absolutely necessary to reach all of these individuals and explain that they are entitled to be paid their lawful wages and will not be retaliated against or harmed in any way for having the courage to step forward.

      Respectfully, Plaintiff requests this Court allow this matter to proceed with no further delay, and the Proposed Case Management Order be entered. If the Court would like to schedule a further initial conference, counsel is available any day and time next week.

**GARBARINI FITZGERALD P.C.**

By: _____
Richard M. Garbarini

cc:    Jonathan Meyer, Esq. (Counsel for Defendants)(VIA ECF).