# EXHIBIT A

**(First Amended Class and Collective Action Complaint)**

GARBARINI FITZGERALD P.C.
Richard M. Garbarini (RG 5496)
rgarbarini@garbarinilaw.com
420 Lexington Ave.
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JONATHAN AGRAMONTE, on behalf of
himself and all other similarly situated
employees,

                              Plaintiff,

             v.

RICHARD SHRAGER and RICH FOODS 37,
LLC,

                              Defendants.

-------------------------------------------------------------x

Case No.: 14-cv-3074 (PAE)

ECF CASE

**FIRST AMENDED CLASS AND
COLLECTIVE ACTION
COMPLAINT**

     Plaintiff JONATHAN AGRAMONTE, individually and on behalf of all other similarly

situated employees, by and through his attorneys at GARBARINI FITZGERALD P.C., alleges upon

personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

     1.     Defendant RICHARD SHRAGER owns and operates Defendant RICH FOODS

37, LLC (the "Restaurant") which is a joint Papa John's/Subway Sandwich Shop franchisee

restaurant located at 12 East 37th Street, New York, New York.

2.      AGRAMONTE was classified as a delivery person, and like all delivery personnel employed by Defendants, was paid at an unlawful regular rate of pay of $5.00 per hour.  Including tips received, AGRAMONTE, and the other delivery personnel, did not earn the Federal of State minimum-wage.  This violates both Federal and New York State Minimum-Wage laws.

3.      Defendants also required its delivery personnel, including AGRAMONTE, to work far more than 20% of each shift on un-tipped duties.  By this, Defendants are not entitled to the tip-credit under the Fair Labor Standards Act ("FLSA") and/or New York Labor Law.

4.      The joint Subway Sandwich/Papa John's Pizzeria is a single entity sharing, among many other things, the same physical space, workers, inside and outside facilities, soda, garbage removal and management.  In fact, the Papa John's delivery workers, including Plaintiff AGRAMONTE, delivered food from both Papa John's and Subway Sandwich on a single delivery run.

5.      Defendants also required AGRAMONTE and all delivery employees launder their own uniforms, purchase and repair the bicycle used for deliveries, and purchase their helmets without reimbursement.

6.      Defendants charge $1.50 per delivery as a "service charge" but failed to properly identify the "service charge", and failed to give receipts letting the consumer know of the service charge.  In fact, Defendants do not give receipts to the at-home or office customer.  The "service charge" is a gratuity or tip, and Defendants impermissibly retained these tips.

7.      AGRAMONTE, and all other hourly employees of Defendants, also had their clocked hours impermissibly reduced and were not allowed to take breaks.

8.      This action is brought to recover, inter alia, all service charges, unpaid minimum-wages and tools-of-the-trade pay owed to Plaintiff and all other similarly situated current and former delivery persons employed by Defendants as well as injunctive and declaratory relief against Defendants' unlawful actions, plus interest, attorneys' fees and costs.

9.      Plaintiff also brings this action for unpaid wages, including but not limited to unpaid minimum-wages, pursuant to the New York Labor Law Article 6, § 190 *et seq*. and Article 19, § 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. §216(b), 28 U.S.C. § 1331 and 1337 (federal question) and 28 U.S.C. § 2201 (declaratory judgment).

11.     This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367, as they are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12.     At all times relevant to this Complaint, Plaintiff and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

13.     Defendants earned in excess of $500,000 per year.

14.     The statute of limitation under the FLSA for willful violations is three years pursuant to 29 U.S.C. § 255(a) and applies to this matter.

4

15.     The statute of limitation under the New York Labor Law is six years pursuant to New York Labor Law § 198(3) and applies to this matter.

16.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

17.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) as the residence of both Plaintiff and Defendants and the forum which all of the operable facts took place.

**PARTIES**

18.     Plaintiff AGRAMONTE is a resident of Plattsburgh and was employed by Defendants as a delivery-person from on or about June through July of 2013.

19.     Upon information and belief, Defendant RICHARD SHRAGER ("SHRAGER") is the sole owner of the corporate Defendant.

20.     Defendant RICH FOODS 37, LLC ("RICH FOODS" or the "Restaurant") is a New York limited liability company and owns and operates a joint Papa John's Pizzeria/Subway Sandwich Shop located at 12 East 37th Street, New York, New York.

21.     At all relevant times, Defendant SHRAGER maintained and continues to maintain control, oversight, and direction over the day-to-day operation of the Restaurant and its facilities, including its employment practices.

22.     At all times material to this complaint, Defendant SHRAGER worked 4-5 hours per day out of an office in the Restaurant, and directed all activities of the Restaurant.

**FACTS SPECIFIC TO PLAINTIFF JONATHAN AGRAMONTE**

23.     AGRAMONTE was hired on or about June 15, 2013 to work at the Restaurant.

24.     His employment terminated on or about July 11, 2013.

25.     AGRAMONTE was paid $5.00 per hour as a delivery worker which is below even the $5.65 per hour rate required by New York State for tipped non-food service employees.

26.     AGRAMONTE worked up to 35 hours per week, often working off-the-clock.

27.     Plaintiff was called into work several times and sent home without being paid.

28.     When AGRAMONTE was not delivering pizza, which was the majority of the time he was at the Restaurant, he was required to fill the soda machine for the joint restaurant, wash dishes, sweep and mop the joint restaurant interior and exterior, make pizza boxes, cut pizza, clean the joint bathroom, answer phones and take orders, get food from the walk-in refrigerator, as well as many other non-tipped duties.  AGRAMONTE would also close the restaurant which would require breaking down all work stations and cleaning the restaurant.

29.     As a delivery person, AGRAMONTE was required to purchase his own bike, pay for his own repairs, and purchase a helmet and reflectors without reimbursement.

30.     AGRAMONTE was required to launder his own uniform.

31.     Defendants are not entitled to the New York State or federal tip credit.

32.     AGRAMONTE was not paid spread-of-hours pay for any day he worked 10 or more hours.

33.     On a daily basis AGRAMONTE was forced to work before he clocked-in and/or after he clocked out for the day.

34.     Defendants impermissibly retained gratuities in violation of New York Labor Law Section 196(d).  Defendants failed to adequately identify the $1.50 charge per delivery as a service charge.  Defendants failed to give receipts identifying the charge in 12 pt. font as a service charge.  In fact, Defendants did not provide receipts to customers.

35.     The $1.50 charge is a tip or gratuity and should have been passed on to Plaintiff.

6

36.     Defendants would routinely schedule AGRAMONTE to work a shift only to send him home without pay because the Restaurant was not busy.

37.     Defendants would also require AGRAMONTE clock-out for hours at a time during his shift because the Restaurant was slow.

## CLASS AND COLLECTIVE ALLEGATIONS

38.     Plaintiff brings FLSA claims on behalf of himself and all similarly situated employees employed at or by Defendants from April 30, 2011 through the trial of this action who elect to opt-in to this action (the "FLSA Collective").

39.     Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

40.     Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all hourly employees at Defendants from April 30, 2008 through the April 30, 2014" (the "Rule 23 Class").

41.     The persons in the Rule 23 Class identified above are in the hundreds, and are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

42.     The claims of Plaintiff are typical of the claims of the Rule 23 Class.  Plaintiff

worked for approximately one month, which is typical for the high turn-over rate in this position.

43.     Many of the Putative Plaintiffs are undocumented workers, who often are terrified

of asserting their rights in courts of law.  This group, perhaps more than any other, would benefit

greatly by an opt-out class under Rule 23.

44.     Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

45.     Defendants have acted or have refused to act on grounds generally applicable to

Plaintiff and the Rule 23 Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Rule 23 Class as a whole.

46.     There are questions of law and fact common to Plaintiff and the Rule 23 Class

that predominate over any questions solely affecting individual members of the Rule 23 Class,

including but not limited to:

(a) Whether Defendants failed to keep true and accurate time records for all hours worked
by Plaintiff and the Rule 23 Class;

(b) What proof of hours worked is sufficient where employer fails in its duty to maintain
true and accurate time records;

(c) Whether Defendants are entitled to claim a tip-credit, even though all delivery
personnel work more than 20% and/or two hours of each shift on non-tipped duties;

(d) Whether Defendants failed to compensate Plaintiff and the Rule 23 Class in
accordance with federal and state minimum-wage laws;

(e) Whether Defendants required Plaintiff and the Rule 23 Class to work through their
breaks with no pay;

(f) Whether Defendants impermissibly retained gratuities;

(g) Whether Defendants impermissibly required Plaintiff and the Rule 23 Class to
purchase and launder their uniforms and/or purchase a bicycle, repairs, helmet, reflectors and
safety gear; and,

(h) The nature and extent of Plaintiff and the Rule 23 Class-wide injury and the appropriate measure of damages for the class.

47.     The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Defendants and have not been paid their minimum-wages for the hours that they have worked in excess of 40 hours per week; and worked through their breaks with no pay.  Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

48.     Plaintiff has retained counsel competent and experienced in complex class actions and in employment litigation.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

*Defendants' General Employment Practices Applicable to Plaintiff and All Similarly Situated Employees*

50.     At all relevant times, Defendants were Plaintiff's and Putative Class's employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiff and the Putative Class, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's and the Putative Class's services.

51.     All decisions complained of here came directly from Defendant SHRAGER.

52.     Defendant SHRAGER maintains an office at 12 East 37th Street where he spends between 4 and 5 hours per day directing the activities at each of the corporate Defendants.

53.     Defendants routinely obfuscated Plaintiff's and the Putative Class's hours by requiring "off-clock" work.

54.     Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former workers.

56.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for his full hours worked.

57.     Defendants failed to inform Plaintiff and the Putative Class that Defendants intended to take a deduction against Plaintiff's earned wages for tip income, as required by the NYLL before any deduction may be taken.

58.     Defendants failed to inform Plaintiff and the Putative Class their tips would be credited towards the payment of the minimum wage.

59.     Defendants failed to maintain a record of tips earned by Plaintiff and the Putative Class for the deliveries they made to customers.

60.     Plaintiff and the Putative Class have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by *inter alia*, willfully denying them their earned tips and not paying them the wages they were owed for the hours they had worked.

61.     Defendants' pay practices resulted in Plaintiff and the Putative Class not receiving payment for all their hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum-wage rate.

62.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the Putative Class by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This pattern, practice and/or policy included depriving delivery workers of a portion of the tips earned during the course of employment.

63.     Defendants unlawfully misappropriated charges purported to be gratuities, received by delivery workers in violation of New York Labor Law § 196-d (2007).

64.     Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

65.     Moreover, at all times Defendants required AGRAMONTE and the Putative Class who were tipped employees such as delivery workers to perform the jobs of multiple employees in addition to their primary responsibility.  Tipped employees spent 20% or more of their work

day performing non-tipped related duties.  These additional, non-related, and non-tipped duties occupied more than two hours of each Plaintiff's and the Putative Class's workday.

66.     Defendants paid  AGRAMONTE and the Putative Class at the lowered tip-credited rate, however, Defendants were not entitled to a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y.C.R.R. § 146.

67.     AGRAMONTE and the tipped Putative Class members were employed ostensibly as delivery workers (tipped employees) by Defendants, although their actual duties included greater or equal time spent in non-delivery, non-tipped functions such as those outlined above.

68.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y. C. R. R. §§ 137-3.3, 137-3.4).  Similarly, under federal regulation 29 C.F.R. § 531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

69.     AGRAMONTE'S and the Putative Class's duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated occupations with duties including transportation of items between store locations, maintenance and cleaning, food preparation, receiving and storing deliveries, dishwashing and kitchen assistance.  While performing these duties, Plaintiff and the Putative Class did not receive tips; therefore, they constitute non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff and the Putative Class worked in these roles.

70.     Since AGRAMONTE and the tipped Putative Class members spent more than 20% or two hours of their work days performing non-tipped, non-delivery functions, Defendants were not entitled to take a tip credit with respect to their wages.

71.     In violation of federal law and state law as codified above, Defendants classified AGRAMONTE and the Putative Class as tipped employees and paid them below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate for all the hours they worked.

72.     Defendants employed AGRAMONTE and similarly situated delivery workers and required them to provide their own locks, chains, bicycles, and refused to compensate them or reimburse them for these expenses.

73.     Defendants did not provide Plaintiff and the Putative Class with any break periods.

74.     Defendants failed to provide Plaintiff and the Putative Class, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowance, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

13

75.     Upon information and belief, until this lawsuit was filed, Defendants did not post the notices required by the FLSA and NYLL and/or did not otherwise inform Plaintiff and the Putative Class of the requirements of the tip credit.

76.     Defendants' policy, pattern and/or practice of paying Plaintiff and the Putative Class a tipped wage despite their substantial work unrelated to a tipped occupation and failing to maintain and/or preserve accurate records of the hours Plaintiff and similarly situated employees perform tipped work and/or non-tipped work, along with the corresponding wages received, for the purposes of determining pay, is a violation of the requirements of the FLSA and the NYLL.

**Illegal Deductions – "Tolls of the Trade" (Uniforms)**

77.     Defendants required Plaintiff and the Putative Class to purchase, launder and wear a Papa John's shirt, black pants, Papa John's hat, and/or Papa John's jacket, and to carry a Papa John's bag.

78.     Defendants would also deduct the costs for the Papa John's branded products from Plaintiff's pay.

79.     Plaintiff and the Putative Class have not worn these articles of clothing as part of their ordinary wardrobe.

80.     The clothing items Defendants have required Plaintiff and the Putative Class to wear constituted a "required uniform" within the meaning of New York state labor regulations, 12 N.Y.C.R.R. §§ 142-2.22, 146-3.10, and also constituted a "uniform" for the purpose of federal law, 29 C.F.R. §§ 531.3(d)(2); 531.32(c).

81.     Plaintiff and other similarly situated employees have usually purchased these clothing items and have usually borne the costs of cleaning these clothing items.

82.     Under certain circumstances, the FLSA and the NYLL prohibits employers from requiring employees to purchase the tools-of-the-trade or give any money back to an employer such as a "kick-back." 29 C.F.R. § 531.35; NYLL § 198-b.

83.     Under the FLSA, deductions for tools of the trade must not bring an employee's wage below the minimum wage rate, and if taken, the amount of such deductions must be included for the purpose of calculating the employee's minimum-wage rate. 29 C.F.R. § 531.36-37.

84.     The NYLL prohibits employers from making any deductions from any employee's wages except for those permitted by law, prohibits "kick-backs", and also specifies that the "minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by an employer." NYLL §§ 193, 198-b, 12 N.Y.C.R.R. §§ 142-2.10, 146-2.7.

85.     The NYLL requires an employer to reimburse an employee for purchase of a required uniform, and pay a specified amount to reimburse the employee for cleaning his uniform. 12 N.Y.C.R.R. §§ 142-2.22, 142-2.5(c), 146-1.7, 146-1.8.

86.     The FLSA specifies that costs related to purchase and cleaning of a "uniform" cannot be credited toward the minimum wage rate. 29 C.F.R. §§ 531.3(d)(2); 531.32(c).

87.     Defendants' policy, pattern and/or practice of requiring that Plaintiff and the Putative Class bear the costs of uniform laundering and charging Plaintiff and the Putative Class for the purchase of uniforms, which brings Plaintiff's and the Putative Class's wages below the minimum wage rate, is a violation of the FLSA and the NYLL.

**Illegal Deductions – "Tools of the Trade" (Bicycles)**

88.     Defendants required AGRAMONTE and the Putative Class to purchase their own

tools of the trade including their own bicycles, helmets and reflectors in making deliveries for

Defendants.

89.     Until this lawsuit was filed, Plaintiff and the Putative Class bore all costs

associated with the maintenance of the bicycles.

90.     Plaintiff and the Putative Class generally leave the bicycles at the Restaurant

location in which they work and do not use the bicycles for personal use.

91.     The bicycles used by Plaintiff and the Putative Class are tools-of-the-trade that are

specifically required for the performance of their duties.

92.     Defendants' policy, pattern and/or practice of requiring that Plaintiff and the

Putative Class bear the cost of a bicycle, helmet and reflectors and maintenance, brings

Plaintiff's and the Putative Class's wages below the minimum wage rate, is a violation of the

FLSA and the NYLL.


**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Failure to Pay Minimum-Wage)**
**(Brought on Behalf of Plaintiff and all FLSA Class Members)**

93.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

94.     At all times during their employment, Plaintiff  and the Putative Class were

employed by Defendants as delivery workers from April 30, 2011 through April 30, 2014 and

were required to be paid a minimum hourly wage of $7.25 for every hour worked for

Defendants.

95.      Since on or about April 30, 2011 through the present, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 206 and §215(a)(2) by failing to pay Plaintiff and other similarly situated employees a minimum hourly wage.

96.      Instead, Defendants paid Plaintiffs and the Putative Class at the unlawful rate claiming the reduction was a lawful tip-credit.  Defendants, however, required Plaintiffs and the Putative Class to work more than 20% of each shift and/or two hours per shift on non-tipped duties.  Defendants cannot claim a credit under federal law for tipped employees.

97.      Defendants knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages and remains owing the named Plaintiffs and other similarly situated employees a minimum wage for every hour worked during the three year period preceding this lawsuit.

98.      Accordingly, both named and represented Plaintiffs are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Minimum-Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

99.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.      At times relevant to this action, Plaintiff and the Rule 23 Class were employees of Defendants who fall within the meaning of employer under the New York Labor Law.

101.      The minimum-wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

102.      Defendants are not entitled to the New York State tip credit as described above.

103.     Defendants have failed to pay Plaintiff and the Rule 23 Class the lawful minimum-wage to which they were entitled under the New York Labor Law.

104.     In fact, as described above, Defendants paid Plaintiff and the Putative Class below the minimum-wage after the deduction of a lawful tip-credit.

105.     By Defendant's failure to pay Plaintiff and the Rule 23 Class Members minimum-wages, Defendants have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

106.     Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum-wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and notice and an opportunity for class members, after the determination of class-wide liability and of individual back pay and interest, to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to New York Labor Law Article 19, §§ 650 et seq.

**THIRD CAUSE OF ACTION**
**(Violation of the Notice and Recordkeeping**
**Requirements of the New York Labor Law)**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

107.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

108.     Defendants failed to provide Plaintiff and the Rule 23 Class with a written notice, in English and/or Spanish, of their rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

109.     Defendants are liable to Plaintiff and the Rule 23 Class in the amount of $2,500, together with costs and attorney's fees.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law Section 196(d))**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

110.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.     Defendants violated Section 196(d) of the New York Labor Law by accepting gratuities, received by Plaintiff and the Rule 23 Class, or retaining any part of a gratuity or of any charge purported to be a gratuity for Plaintiff or the Rule 23 Class.

112.     Defendants added a "service charge", "tip",  "gratuity" leading customers to believe that the amount is to be passed on to Plaintiff and the Rule 23 Class.

113.     Defendants failed to clearly inform the customer that the Service Charge would not be forwarded to Plaintiff and the Rule 23 Class.

114.     Defendants failed to give receipts to its customers or failed to give receipts clearly stating the Service Charge did not go to Plaintiff and the Rule 23 Class in at least 12 point font.

115.     The forgoing constitutes a violation of Labor Law Section 196(d) and Plaintiff and the Rule 23 Class have been injured in an amount to be determined at the trial of this action.

**FIFTH CAUSE OF ACTION**
**(Violation of NYLL – Unpaid Wages)**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

116.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

117.    The NYLL requires employers to pay promised wages for every hour worked. NYLL §§ 190(10), *et seq.*

118.    Defendants failed to pay Plaintiff and the Rule 23 Class the promised wage for every hour worked.

119.    Defendants' failure to pay Plaintiff and the Rule 23 Class the promised wage for every hour worked was not in good faith.

120.    Plaintiff and the Rule 23 Class are entitled to all unpaid wages, attorneys' fees, liquidated damages and costs.

**SIXTH CAUSE OF ACTION**
**(Violation of NYLL – Unpaid Uniform Laundering Allowance)**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

121.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

122.    The NYLL requires employers to compensate employees, beyond that specified by the minimum wage for laundering and maintenance of required uniforms in violation of New York State labor regulations. 12 N.Y.C.R.R. §§ 142-2.22, 142-2.5(c), 146-1.7.

123.    Defendants failed to pay Plaintiff and the Rule 23 Class additional pay, beyond that specified by the minimum wage for purchasing, laundering and maintenance of required uniforms.

124.    Defendants' failure to pay Plaintiff and the Rule 23 Class additional pay, beyond that specified by the minimum wage, for laundering and maintenance of required uniforms in violation of New York state labor regulations was not in good faith.

20

125.     Plaintiff and the Rule 23 Class are entitled to all costs expended.

## SEVENTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Meal Periods)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

126.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

127.     The NYLL requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 A.M. to 2 P.M.; an additional meal period between 5 P.M. and 7 P.M. of at least twenty (20) minutes for employees whose shift started before 11 A.M. and continues later than 7 P.M.: and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 P.M. and 6 A.M. NYLL § 162.

128.     Defendants failed to provide the meal periods required by NYLL § 162.

129.     Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## EIGHTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Notice and Information about Employment Laws)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

130.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

131.     The NYLL requires employers to maintain adequate and accurate written records of the actual hours worked and the true wages earned by employees. NYLL § 195(4); 12 N.Y.C.R.R. §§ 142-2.6, 146-2.1.

21

132.    Defendants failed to maintain adequate and accurate written records of the actual hours worked and true wages earned by Plaintiff and the Rule 23 Class.

133.    Defendants' failure to maintain adequate and accurate written records of the actual hours worked and true wages earned by Plaintiff and the Rule 23 Class was not in good faith.

**NINTH CAUSE OF ACTION**
**(Violation of NYLL – Failure to Pay Employees Minimum of 4 Hours)**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

134.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

135.    The NYLL requires employers to compensate employees a minimum of 4 hours pursuant to NYLL § 195(4); 12 N.Y.C.R.R. §§ 142-2.6, 146-2.1.

136.    Defendants routinely had Plaintiff scheduled to work, and then discharged them without pay after Plaintiff and the Putative Class arrived at work.

137.    Defendants also impermissibly would clock Plaintiff and the Putative Class out for hours at a time claiming work was slow.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated past and present employees, prays for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by

22

Defendants from April 30, 2008 through April 30, 2014 as delivery workers.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as Representative Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

F.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations;

G.      Unpaid minimum-wages pursuant to N.Y. Lab. Law Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations;

H.      All costs related to of tools-of-the-trade;

I.      New York Labor Law Section 195 and 196 damages;

J.      Pre-judgment interest;

K.      An injunction requiring Defendant to pay all statutorily-required wages pursuant to the New York Labor Law;

L.      After the determination of class-wide liability, of individual damages, and of Defendants' liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 68 1(1) of the New York Labor Law;

M.      Attorneys' fees and costs of the action; and,

N.      Such other relief as this Court shall deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: July 25, 2014

Respectfully submitted,

GARBARINI FITZGERALD P.C.

By: _____
Richard M. Garbarini (RG 5496)
rgarbarini@garbarinilaw.com
420 Lexington Avenue
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiff and
the Putative Class*