UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JONATHAN AGRAMONTE, on behalf of
himself and all other similarly situated                Case No.: 14-cv-3074 (PAE)
employees,


                        Plaintiff,


        v.


RICHARD SHRAGER and RICH FOODS 37,
LLC,


                        Defendants.
-------------------------------------------------------------x


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CONDITIONAL CERTIFICATION

Richard M. Garbarini (RG-5496)
GARBARINI FITZGERALD P.C.
420 Lexington Avenue, Suite 2743
New York, New York 10170
Phone (212) 300-5358
Fax (888) 265-7054
Email: rgarbariini@garbarinilaw.com

*Attorneys for Plaintiff*

TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………  5

STATEMENT OF FACTS………………………………………………………………...  6
      A.    Background…………………………………………………………………  6
      B.    Plaintiff's Employment with Defendants…………………………………  6
      C.    Similarly Situated Employees……………………………………………...  7

ARGUMENT

Point I

STANDARD FOR CONDITION CERTIFICATION OF A CLASS
UNDER THE FLSA…………………………………………………………………………  7

      A.    Conditional Certification is Appropriate as to a
            Class of Delivery Workers…………………………………………………  11

Point II

THE COURT SHOULD APPROVE THE PROPOSED NOTICE OF
PENDENCY AND ALLOW PLAINTIFF TO MAIL IT TO ALL
PUTATIVE PLAINTIFFS AFTER DIRECTING DEFENDANTS
TO IDENTIFY AND PRODUCE CONTACT INFORMATION FOR
SUCH PUTATIVE PLAINTIFF……………………………………………………………...  11

      A.    The Court Has Authority to Authorize the Circulation of
            the Proposed Notice to Potential Plaintiffs……………………………...  11
      B.    Opt-ins Should be Allowed 60 days to Join this Action…………………...  12
      C.    The Court Should Order that Notice Be Provided in English and Other
            Languages…………………………………………………………………  13
      D.    The Court Should Order Defendants To Disclose
            (in paper and electronic format) the Names and
            Last-Known Addresses of Prospective Plaintiffs Who
            Were Employees During the Six Year Statute of Limitations Period……..  13

Point III

THE COURT SHOULD EQUITABLY TOLL THE STATUTE
OF LIMITATIONS FOR PUTATIVE OPT-IN PLAINTIFFS
FROM THE DATE OF THIS MOTION UNTIL THE COURT
ISSUES A DECISION………………………………………………………………………  15

CONCLUSION……………………………………………………………………………  16

# TABLE OF AUTHORITIES

**Cases**

*Ali v. N.Y. City Health & Hospitals Corp.*, No. 11 Civ. 6393, 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 25, 2013)...................................................................................................................10

*Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013)….........................................................................................................................8,9

*Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F. 2d 335, 335-36 (2d Cir. 1979)..12

*Colon v. Major Perry Street Corp.*, No.12 Civ. 3788, 2013 WL 3328223 (S.D.N.Y. July 02, 2013)…….......................................................................................................................10,12

*Davis v. Lenox Hill Hosp.*, No. 03 Civ. 3746, 2004 WL 1926086, at *7 (S.D.N.Y. Aug. 31, 2004)................................................................................................................................9

*Diaz v. S&H Bondi's Dep't Store, Inc.*, No. 10 Civ. 7676, 2012 WL 13460, at * 8-10 (S.D.N.Y. January 18, 2012)…………………………………………………............................12

*Dumitrescu v. Mr. Chow Enterprises, Ltd.*, No. 07 Civ. 3601, 2008 WL 2600667, at *7 (S.D.N.Y. June 30, 2008)….............…………………………………………….....................…15

*Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616, 2012 WL 440691, at *5 (E.D.N.Y. Feb. 10, 2012), …………………………………………………………............……….12,13

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)..............................................................................................................................10

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)…........……………………..8,12

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482 (1989)............. 8,12,13,14

*Gjurovich v. Emmanuel's Marketplace*, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003)….12,13

*Guillen v. Marshalls of Mass., Inc.*, 750 F.Supp.2d 469, 475 (S.D.N.Y. 2010)…………………9

*Lynch v. United Services Auto. Ass'n*, 491 F.Supp.2d 357, 368, 372 (S.D.N.Y.2007)……….10,12

*McGlone v. Contract Callers, Inc.*, 2012 U.S. Dist. LEXIS 49702 (S.D.N.Y. April 6, 2012)…..15

*Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07 Civ. 2579, 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008)…......................................................................................................................9

*Morris v. Lettire Const., Corp.* 896 F. Supp. 2d 265, 174 (S.D.N.Y. 2012)……………………14

*Moung Su Kim v. Kap Sang Kim*, No. 10 Civ. 2515, 2010 WL 2854463, at * 1 (E.D.N.Y. July 19, 2010)……….......................................................................................................13

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)…………………………………………9

*Poplawski v. Metroplex on the Atl., LLC*, No. 11 Civ. 3765, 2012 WL 1107711, at *3 (E.D.N.Y. Apr. 2, 2012)................................................................................................................9

*Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294 (S.D.N.Y. Nov. 22, 2011)…………........9,13,14

*Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y.2001)………………………...…...10

*Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011)……..........................................................................................................................15

*Winfield v. Citibank, N.A.*, 843 F.Supp.2d 397, 401–02 (S.D.N.Y. 2012)………………………..8

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54-5 (S.D.N.Y. 2005)…………………………10

**Statutes**

29 U.S.C. § 216(b)……………………………………………………………          Passim

29 C.F.R. 516.4……………………………………………………………..          15

New York Labor Law § 195……………………………………………………..          13

New York Labor Law § 195(1) …………………………………………………..          13

New York Labor Law § 198(3)……………………………………………………..          14

## PRELIMINARY STATEMENT

Plaintiff respectfully requests the Court conditionally certify a collective action and permit the circulation of a notice of pendency to all of Defendants' current and former delivery workers under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.)("FLSA").  At this early stage of the litigation, Plaintiff merely must make a showing that he and Defendants' former and current delivery workers are similarly situated, which means that they were subject to a common plan or scheme by Defendants that violated the FLSA.  The declaration of Plaintiff Agramonte establishes that Defendants systematically: (i) paid all of their delivery workers at a rate of pay of $5.00 per hour, or $.65 below the prevailing minimum-wage for tipped workers under New York State Law, (ii) required its delivery workers to spend the majority of their time performing non-tipped duties depriving Defendants of the benefit of any tip-credit, (iii) routinely required all delivery workers to work off-clock hours, (iv) required all delivery workers to pay for their own uniforms and launder same, (v) required all delivery workers to pay for their own bicycles, repairs, and reflectors, (vi) failed to provide proper notice of any tip credit and/or notice in the employees native tongue, (vii) paid employees at a rate lower than minimum-wage, and (ix) impermissibly retained tips duly belonging to the delivery workers.

Accordingly, Plaintiff respectfully requests the Court issue an Order:

> (a) approving the text of the enclosed Notice of Pendency and Consent to Become a Party Plaintiff;
>
> (b) permitting Plaintiff to circulate a Notice of Pendency and Consent to Become a Party Plaintiff;

(c) requiring Defendants to post the Notice of Pendency and Consent to Become a

Party Plaintiff in a conspicuous location in the workplace;

(d) requiring Defendants provide Plaintiff's counsel with all "Form I-9" information

including a complete list of names, e-mail addresses, residential addresses, phone

numbers, last four digits of their social security numbers and primary spoken and

written languages of their delivery persons from six years preceding the filing of the

complaint until the date this motion is decided in both paper and electronic form;

(e) permitting all delivery workers 60 days to opt into this case;

(f) tolling the statute of limitations for all delivery workers from the date of this

motion until the date the Court issues an order on this motion; and,

(g) for any relief that the Court finds just.

## STATEMENT OF FACTS

(A)    Background.

Plaintiff Jonathan Agramonte was employed as a delivery person for Defendants Richard

Shrager ("SHRAGER") and Rich Foods 37, LLC ("RICH FOODS"). See the Complaint at ¶ 1

attached as Exhibit 1 to the Declaration of Richard M. Garbarini, Esq. ("Garbarini Decl.");

AGRAMONTE Decl. at ¶ 2.  Defendant SHRAGER owns and operates RICH FOODS which

consists of a joint Papa John's Pizzeria and Subway Sandwich Shop located at 12 East 37th

Street, in the City and County of New York.  AGRAMONTE Decl. at ¶ 3.

(B)    Plaintiff's Employment with Defendants.

From June of 2013 until July of 2013, Plaintiff worked for Defendants as a delivery

worker and earned $5.00 an hour, even though the New York State tip-credit requires a

minimum hourly wage of $5.65.  AGRAMONTE Decl. at ¶ 4.  The Plaintiff's one month tenure

6

as a delivery person is actually the average length of employment in this high turnover position. AGRAMONTE Decl. at ¶ 5.   Defendants' other delivery workers were also paid at the same unlawful rate of $5.00 per hour. AGRAMONTE Decl. at ¶ 7.  While classified as a delivery person, the majority of Plaintiff's work-day was spent on non-tipped duties including, but not limited to, cleaning, making pizza boxes, answering the phones, preparing food, carrying boxes, wiping the walls, closing the business and putting away products. AGRAMONTE Decl. at ¶ 8. The amount of time spent each day by AGRAMONTE and the other delivery workers on non-tipped duties far exceeded 20% or 2 hours each day. AGRAMONTE Decl. at ¶ 8.

All delivery persons employed by Defendants, including Plaintiff, were required to purchase their own bike, pay for their own repairs, and purchase a helmet and reflectors without reimbursement by Defendants. AGRAMONTE Decl. at ¶ 9.  Plaintiff was required to purchase and launder his own uniform. AGRAMONTE Decl. at ¶ 10.   Plaintiff was directed by Defendant SHRAGER to work before he clocked-in and after he clocked out for the day. AGRAMONTE Decl. at ¶ 11.  Defendant SHRAGER personally directed Plaintiff to purchase and launder his own uniforms. AGRAMONTE Decl. at ¶ 12.  Defendants impermissibly retained gratuities in violation of New York Labor Law Section 196(d).   Defendants failed to adequately identify the $1.50 charge per delivery as a service charge. AGRAMONTE Decl. at ¶ 14.   Defendants failed to give receipts identifying the charge in 12 point font as a service charge. AGRAMONTE Decl. at ¶ 15.  In fact, Defendants did not provide receipts to customers.  AGRAMONTE Decl. at ¶ 16. The $1.50 charge is a tip or gratuity and should have been passed on to Plaintiff.

(C)     Similarly Situated Employees

The terms and conditions of all delivery persons were exactly the same. AGRAMONTE

Decl. at ¶ 16.  The foregoing terms and conditions of employment were common to all delivery

persons, and part and parcel with a standard policy and practice of Defendants.  AGRAMONTE

Decl. at ¶ 16.  The one difficulty in this matter is that many of the similarly situated workers are

short-term employees and often undocumented workers who speak only Spanish, making it very

difficult to locate them. AGRAMONTE Decl. at ¶ 17.

## ARGUMENT

### Point I

### Standard for Conditional Certification of a Class
### Action Under the FLSA.

The FLSA provides for one or more employees to pursue an action in a representative

capacity for "other employees similarly situated." 29 U.S.C. § 216(b).  Section 216(b) provides a

fair and efficient means for individual employees subject to the same illegal practices to bring

claims collectively. See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482

(1989).  The only threshold issue for conditional certification under the FLSA is whether the

delivery persons are "similarly situated." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261

(S.D.N.Y. 1997).  *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326, 2013 WL 494020,

at *2 (S.D.N.Y. Feb. 7, 2013) (quoting 29 U.S.C. § 216(b)).  We respectfully submit the

proposed class here satisfies this liberal standard.

"The Second Circuit Court of Appeals has endorsed a two-step method of certification in

an opt-in collective action under the FLSA." *Winfield v. Citibank, N.A.*, 843 F.Supp.2d 397, 401–

02 (S.D.N.Y. 2012).  "The first step involves the court making an initial determination to send

8

notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (citations omitted).  This determination requires only a "modest factual showing" from plaintiffs that "they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (quotation marks and citations omitted).  The standard at this point is "considerably less stringent than the requirements for class certification under Rule 23." *Poplawski v. Metroplex on the Atl., LLC*, No. 11 Civ. 3765, 2012 WL 1107711, at *3 (E.D.N.Y. Apr. 2, 2012) see also *Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07 Civ. 2579, 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008) (in order to meet the "low bar for allegations required for collective action certification," the plaintiff's complaint or affidavits must allege a factual nexus with other employees of the defendant).  Accordingly, at this preliminary stage, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Guillen v. Marshalls of Mass., Inc.*, 750 F.Supp.2d 469, 475 (S.D.N.Y. 2010) (citations omitted); *Davis v. Lenox Hill Hosp.*, No. 03 Civ. 3746, 2004 WL 1926086, at *7 (S.D.N.Y. Aug. 31, 2004) (citation omitted)( "The test is whether there is a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action.".

"Because the standard at the first stage is 'fairly lenient,' courts applying it 'typically grant[ ] conditional certification.'" *Amador*, 2013 WL 494020, at *3 (quoting *Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09 Civ. 332, 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009)); see also *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 328 (S.D.N.Y. 2011) ("Because certification at this first early stage is preliminary and subject to reevaluation, the burden for

9

demonstrating that potential plaintiffs are 'similarly situated' is very low."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 55 (S.D.N.Y. 2005) ("Courts have recognized that it is best to authorize a collective action and then 'wait[ ] to see what the facts bear out.' " (citation omitted) (alteration in original)).  Indeed, at the notice stage, "courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y.2001) (quotation marks and citations omitted).

"Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, or declarations . . ." *Colon v. Major Perry Street Corp.*, No.12 Civ. 3788, 2013 WL 3328223 (S.D.N.Y. July 02, 2013)(quoting *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)); *Ali v. N.Y. City Health & Hospitals Corp.*, No. 11 Civ. 6393, 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 25, 2013).  "In making its determination at this first state, the Court may consider a plaintiff's affidavit and hearsay statements." *Id.*  "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Services Auto. Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y.2007) (citation omitted).  Nor does a court "weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Colon v. Major Perry Street Corp.*, No.12 Civ. 3788, 2013 WL 3328223 * 3 (S.D.N.Y. July 02, 2013)(citing *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005)). "This initial step, in other words, is not the place to scrutinize possible factual variations between plaintiffs." *Id.*

**A.  Conditional Certification is Appropriate as to a Class of Delivery Workers.**

Defendants maintain a policy and practice of requiring their delivery workers to perform non-tipped duties for the majority of their work-day.  Specifically, Plaintiff alleges in the complaint and avers in his declaration that all delivery workers for Defendants were compensated pursuant to a unified scheme, paid for their own tools-of-the-trade and spent more than 20% or 2 hours each day performing non-tipped duties including cleaning, making pizza boxes, answering phones, preparing food, carrying boxes, wiping the walls, and putting away products.  Plaintiff further declares these policies were coordinated and implemented by defendant SHRAGER.

These claims, supported by the factual allegations in the Complaint and Mr. AGRAMONTE's Declaration, are more than sufficient to satisfy the requirement of a "modest factual showing" that AGRAMONTE and potential opt-in delivery workers "together were victims of a common policy or plan that violated the law."  Accordingly, it is proper to certify a collective action

### POINT II

**THE COURT SHOULD APPROVE THE PROPOSED
NOTICE OF PENDENCY AND ALLOW PLAINTIFF
TO MAIL IT TO ALL PUTATIVE PLAINTIFFS
AFTER DIRECTING DEFENDANTS TO IDENTIFY
AND PRODUCE CONTACT INFORMATION FOR
SUCH PUTATIVE PLAINTIFFS.**

**A.     The Court Has Authority to Authorize the Circulation of the Proposed
Notice to Potential Plaintiffs.**

Although FLSA § 216(b) contains no specific provision for issuing notice to prospective plaintiffs in collective actions, district courts have power to authorize the circulation of such a

notice to potential plaintiffs. e.g., *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.

2d 335, 335-36 (2d Cir. 1979), *Sbarro*, supra, 982 F. Supp. at 261 (citing *Hoffmann-La Roche,*

*Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482 (1989); *Gjurovich v. Emmanuel's Marketplace,*

Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).

Plaintiff submits herewith a proposed Notice of Pendency and Consent to Become Party

Plaintiff. See, Exhibit 2 and Exhibit 3, respectively, attached to the Garbarini Decl.  The text of

proposed notice lays out Plaintiff's basic factual claims, explains to the putative plaintiffs the

effect of joining or not joining the case, and provides Plaintiff's counsel contact information.

The text of the proposed notice is very similar to notices that have been approved by other judges

in this and other districts in other collective actions for unpaid minimum or overtime wages. See,

e.g., *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 372 (S.D.N.Y. 2007)(McMahon,

J.).  Accordingly, the Court should approve the proposed notice.

### B.      Opt-ins Should be Allowed 60 days to Join this Action.

The Court should also allow putative opt-ins 60 days from the mailing of the notice to

join this action.  Where, as here, putative opt-ins may be difficult to reach because they are short-

time employees or undocumented workers, courts allow the putative opt-ins 60 days to join the

action. See *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616, 2012 WL 440691, at *5

(E.D.N.Y. Feb. 10, 2012),;*Diaz v. S&H Bondi's Dep't Store, Inc.*, No. 10 Civ. 7676, 2012 WL

13460, at *8-10 (S.D.N.Y. January 18, 2012) (Gardephe, J.); *Colon v. Major Perry Street Corp.*,

2013 WL 3328223 (S.D.N.Y. July 02, 2013).

**C.**     **The Court Should Order that Notice Be Provided in English and Other Languages.**

Where more than 25% of employees speak a primary language other than English, the Notice to be distributed must be accompanied by a translation into the mother tongue of the non-English speaking group. See, *Gjurovich*, supra, 282 F.Supp.2d at 99-100.  Here, Plaintiff has averred that many delivery persons speak Spanish primarily and have difficulty communicating in English. AGRAMONTE Decl. at ¶ 20.  Only Defendants, however, know what languages these other employees primarily speak and the Court should order them to advise the mother tongue of these employees.  Defendants should have this information in this possession insofar as New York Labor Law §195 requires that an employer provide non-English speaking employees a wage notice "in the language identified by each employee as the primary language of such employee." New York Labor Law § 195(1).  See *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616, 2012 WL 440691, at *5 (E.D.N.Y. Feb. 10, 2012), that the notice may be translated into the mother tongue of non-English speaking groups of potential plaintiffs. See *Id*. (citing *Moung Su Kim v. Kap Sang Kim*, No. 10 Civ. 2515, 2010 WL 2854463, at * 1 (E.D.N.Y. July 19, 2010)).

**D.**     **The Court Should Order Defendants To Disclose (in paper and electronic format) the Names and Last-Known Addresses of Prospective Plaintiffs Who Were Employees During the Six Year Statute of Limitations Period.**

Only Defendants know the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require defendants to disclose such information so that Plaintiff's counsel can circulate the Notice of Pendency. *Hoffmann-LaRoche, Inc. v. Sperling*, supra, 493 U.S. at 170, 110 S. Ct. at 486 (1989).  Numerous courts have since held that notices should be sent to all employees who worked for Defendants within six (6) years prior to the filing of the complaint. See *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d

13

294, 328 (S.D.N.Y. 2011)(Sweet, J.)(citing cases and requiring production of list of individuals who were employed within the past six years in the interest of judicial economy); *Cano v. Four M Food Corp.*, 2009 U.S. Dist. LEXIS 7780, at *29-31(E.D.N.Y. February 3, 2009)(same).  It makes sense to notify of this lawsuit even those employees who did not work within the FLSA statute of limitations period because New York State law, which largely mirrors the FLSA, has a six-year statute of limitations. New York Labor Law § 198(3).  Judicial economy dictates that even those employees with no FLSA claims be advised on this lawsuit. *Raniere*, 827 F. Supp. 2d at 328.

Defendants should be required to provide the "Form I-9" information including each putative class member's last known address, e-mail, phone number and contact information in order to assist with the issuance of the notice and to provide counsel with the dates of birth and partial Social Security numbers for any class members whose mailed notice is returned by the post office.  The dates of birth and partial Social Security numbers can assist with locating the correct address for those workers so they may receive notice.

Plaintiff also seeks to send a follow-up postcard to any class members who have not responded thirty days after the mailing of the initial notice.  Such follow up mailing serves what the Supreme Court in *Hoffman-La Roche* recognized as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172. *See*, *e.g.*, *Morris v. Lettire Const., Corp.* 896 F. Supp. 2d 265, 174 (S.D.N.Y. 2012)(authorizing the distribution of a "reminder" notice prior to the expiration of the opt-in period because the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in).

Finally, Plaintiff seeks an Order requiring Defendants post the approved notice at both of Defendants' Papa John's branded restaurants in the same areas in which they are required to post FLSA notices. See 29 C.F.R. 516.4 (requiring posting of FLSA requirements "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy").

In addition, to expedite the distribution of notices, Defendants should be ordered to provide this information in both paper and digital format. See, e.g., *Dumitrescu v. Mr. Chow Enterprises, Ltd.*, No. 07 Civ. 3601, 2008 WL 2600667, at *7 (S.D.N.Y. June 30, 2008)(Leisure, J.), *Willix v. Healthfirst, Inc.*, *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011).

## POINT III

## THE COURT SHOULD EQUITABLY TOLL THE STATUTE OF LIMITATIONS FOR PUTATIVE OPT-IN PLAINTIFFS FROM THE DATE OF THIS MOTION UNTIL THE COURT ISSUES A DECISION.

The Court should respectfully toll the statute of limitations for all putative opt-in Plaintiffs while this motion is pending.  Although the statute of limitations continues to run for each potential plaintiff until he or she files a consent to joinder form, courts have equitably stayed such claims while deciding motions to conditionally certify a collective action. See *McGlone v. Contract Callers, Inc.*, 2012 U.S. Dist. LEXIS 49702, at *16 (S.D.N.Y. April 6, 2012)(Sweet, J.).  In *McGlone*, Judge Sweet noted that where "putative class representatives and their counsel are diligently and timely pursuing the claims" they should "not be penalized due to the courts heavy dockets and understandable delays in rulings." *Id.* at *16-7.  Accordingly,

Plaintiff respectfully requests that the Court toll the statute of limitations for potential opt-in employees.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests this Court issue an Order: (a) approving the text of the enclosed Notice of Pendency and Consent to Become a Party Plaintiff; (b) permitting Plaintiff to circulate a Notice of Pendency and Consent to Become a Party Plaintiff; (c) requiring Defendants to post the Notice of Pendency and Consent to Become a Party Plaintiff in a conspicuous location in the workplace; (d) requiring Defendants provide Plaintiff's counsel with all "Form I-9" information including a complete list of names, e-mail addresses, residential addresses, phone numbers, last four digits of their social security numbers and primary spoken and written languages of their delivery persons from six years preceding the filing of the complaint until the date this motion is decided in both paper and electronic form;  (e) permitting all delivery workers 60 days to opt into this case; (f) tolling the statute of limitations for all delivery workers from the date of this motion until the date the Court issues an order on this motion; and, (g) for any relief that the Court finds just.

Dated: August 4, 2014

GARBARINI FITZGERALD P.C.

By:  _Richard M. Garbarini_
Richard M. Garbarini
420 Lexington Avenue
Suite 2743
New York, New York 10170
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff and the
Putative Class*